# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) | No. 3:16-1125
| | ) | Judge Sharp
| MARGIE A. TIDWELL, and CONNIE BROWN TIDWELL, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This is an interpleader and declaratory judgment action brought by Southern Electrical Retirement Fund (the "Fund") against Margie A. Tidwell and Connie Brown Tidwell. The case arose after Ricky Paul Tidwell (who was a participant in the fund) died, and his mother, Margie Tidwell (who had been designated a beneficiary) filed a claim for death benefits.

Margie Tidwell's claim potentially conflicts with the Fund's pre-retirement death benefit provision that states:

> In the event of the death of an Employee who has not yet commenced receipt of a Normal, Early, or Disability Retirement benefit, his surviving spouse, if any, shall be eligible to receive a 'Pre-Retirement Death' benefit. In the event the Employee is not survived by a spouse, his beneficiary, as designated in accordance with Section 6.2 hereof, shall be eligible to receive such benefit. Such benefit shall become payable immediately upon the death of the Employee, but contingent upon receipt of written application therefor as prescribed by the Trustees.

(Docket No. 13 at 1). Accordingly, the Fund asks the Court to determine the rights of the surviving Tidwells and decide which of the two is entitled to the death benefit.

Defendant Connie Tidwell has filed a Motion for Summary Judgment. No response to that

1

motion has been filed, but Margie Tidwell sent a letter to the Court in which she writes:

> This letter is written following a telephone hearing with Judge Brown and opposing counsel David Cooper. I do not believe it is beneficial to me to further pursue a claim against the funds currently held in the registry of the Court in the above matter. I understand the Court will likely entertain a motion for summary judgment in sometime in the near future. Please consider this my response.

(Docket No. 12 at 1).

"Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." Byrne v. CSX Transp., Inc., 541 Fed. App'x 672, 675 (6th Cir. 2013). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

Here, Defendant Connie Tidwell has carried her burden and established entitlement to judgment as a matter of law. According to the undisputed evidence in the record (including an Affidavit from Connie Tidwell, a Marriage Certificate, and a Death Certificate), Connie Tidwell (née Brown) married Ricky Tidwell in Sevier County, Tennessee on July 1, 2000, and she was married to him when he died in an automobile accident in Monroe County, Georgia on March 31, 2014. Further, the Fund alleges, and no one disputes, that it is an employee pension benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1).

"When interpreting ERISA plan provisions, general principles of contract law dictate that [the court] interpret the provisions according to their plain meaning in an ordinary and popular sense." Williams v. Int'l Paper Co., 227 F.3d 706, 711 (6th Cir. 2000). Here, under the plain

meaning of the death benefit provision at issue: (1) a surviving spouse is entitled to death benefits; and (2) only if there is no such spouse shall the benefits be paid to a properly designated beneficiary.

Accordingly, Defendant Connie Brown Tidwell's Motion for Summary Judgment is hereby GRANTED. The Court hereby FINDS and DECLARES that Defendant Connie Brown Tidwell is entitled to the Fund's pre-retirement death benefit owing as a result of the death of Ricky Paul Tidwell.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE